**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JAMES A. MODESTE**,<br><br>Plaintiff,<br><br>v.<br><br>**TESLA, INC.**, *et al.*,<br><br>Defendants. | Case No. 26-cv-2177 (CRC) |

**MEMORANDUM OPINION AND ORDER**

Nationwide claims to be on your side. Yet Plaintiff says it was not on his. After Plaintiff was seriously injured in a car crash, Nationwide allegedly refused to cover his medical expenses despite a duty to do so. Nationwide now moves to dismiss. But its bare-bones motion flouts Local Civil Rule 7(a), and its lone assertion that the complaint fails to state a claim is too conclusory and undeveloped to merit consideration. In any event, Plaintiff's *pro se* complaint, liberally construed, plausibly alleges a breach-of-contract claim against Nationwide. The motion will therefore be denied.

## I. Background[1]

Plaintiff James Modeste is a pilot from Arizona. Second Am. Compl. ("SAC") ¶ 4. In January 2023, while Modeste was driving a Tesla Model 3 he rented from Hertz, the car unexpectedly lost control after its anti-lock braking system suddenly engaged and its power-steering assistance simultaneously failed. Id. ¶¶ 10–11. The ensuing wreck caused severe injuries, substantial medical expenses, and, according to Modeste, an early end to his aviation

[1] The facts are taken from Plaintiff's filings and recounted in the light most favorable to him. See Johnson v. District of Columbia, 927 F.3d 539, 541 (D.C. Cir. 2019). Nationwide may well dispute Plaintiff's allegations. The Court takes no position on their merits.

career. Id. ¶¶ 12, 14. By Modeste's telling, Hertz and Tesla "accepted liability for the underlying incident," leaving Nationwide, his insurer, to handle the claim and settlement. Id. ¶ 13, 15. But when it came time to pay Modeste's medical expenses, Nationwide allegedly demurred—despite having notice of the claim and an obligation to cover it. Id. ¶ 15.

Modeste then sued all three companies in D.C. Superior Court. Id. at 1. Defendants later removed the case to this Court based on the diversity of citizenship. See Notice of Removal at 2–3; 28 U.S.C. §§ 1332, 1441(a), 1446. While Hertz and Tesla answered the complaint, Nationwide moved to dismiss for failure to state a claim. See Mot. to Dismiss at 2. Modeste opposes the motion and, in the alternative, seeks leave to amend. Opp'n at 3–4.

## II. Legal Standards

*Pro se* complaints are liberally construed and held to less-stringent standards than lawyer-drafted pleadings. Erickson v. Pardus, 551 U.S. 89, 94 (2007). That entails reading the complaint in light of the plaintiff's other filings, including an opposition to dismissal, to discern the claims and factual allegations the plaintiff intends to advance. See Naz v. Wright, 177 F.4th 1242, 1246 (D.C. Cir. 2026). And at the motion-to-dismiss stage, the Court must accept well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. Brown v. Whole Foods Mkt. Grp., Inc., 789 F.3d 146, 150, 152 (D.C. Cir. 2015).

## III. Analysis

Under this Court's local rules, a motion to dismiss must be "accompanied by a statement of the specific points of law and authority that support the motion." LCvR 7(a). This rule ensures that the party seeking dismissal—not the Court—identifies and develops the legal grounds for granting it. See Arizona v. Shalala, 121 F. Supp. 2d 40, 46 n.4 (D.D.C. 2000). Nationwide's memorandum of law and authority reads, in its entirety: "Federal Rules of Civil

Procedure Rules 12 and 8." Mot. to dismiss at 2. It should go without saying that merely citing the federal rules, without more, falls well short of what Local Civil Rule 7(a) demands. See, e.g., Di Lella v. Univ. of D.C. David A. Clarke Sch. of L., 570 F. Supp. 2d 1, 4 n.4 (D.D.C. 2008); Amiri v. Gelman Mgmt. Co., No. 08-cv-1864 (JDB), 2009 WL 1748864, at *1 (D.D.C. June 19, 2009) (denying motion to dismiss where "[w]holly absent from defendants' motion is any substantive argument for dismissal or citation to authority other than the federal rule on which they rely"). That defect alone warrants denial of Nationwide's motion. See Marino v. DEA, 729 F. Supp. 2d 237, 241 (D.D.C. 2010) (collecting cases), rev'd on other grounds, 685 F.3d 1076 (D.C. Cir. 2012).

The motion itself offers no rescue. In this Circuit, an argument raised in a "single, conclusory statement," without further development, is forfeited and need not be addressed. United States v. TDC Mgmt. Corp., 827 F.3d 1127, 1130 (D.C. Cir. 2016) (quoting Bryant v. Gates, 532 F.3d 888, 898 (D.C. Cir. 2008)). After all, "[i]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work." N.Y. Rehab. Care Mgmt., LLC v. NLRB, 506 F.3d 1070, 1076 (D.C. Cir. 2007). Yet that is all Nationwide has done here. Its gossamer argument begins and ends with the bare assertion that Modeste has failed to state a claim. See Mot. to Dismiss at 2 ("Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted . . . [because] [t]here is no discernable cause of action or claim against Defendant Nationwide."). The skeletal motion identifies no particular defect in the complaint and offers "nothing specific" about why Modeste's allegations purportedly fall short. McCallister v. Walton L. Grp., No. 26-cv-9 (SLS), 2026 WL 2176883, at *4 (D.D.C. July 29, 2026). Nationwide's underdeveloped, one-sentence

submission is thus a paradigmatic forfeited argument. See, e.g., TDC, 827 F.3d at 1130; Abdullah v. Obama, 753 F.3d 193, 199–200 (D.C. Cir. 2014).

But even putting those problems aside, Modeste's complaint, generously construed and supplemented by his opposition, pleads a bread-and-butter claim for "breach of contract." Opp'n at 3; see Brown, 789 F.3d at 152 (concluding that a *pro se* plaintiff may "supplement his complaint with the allegations included in his opposition"). A breach-of-contract claim requires (1) a valid contract; (2) a contractual duty; (3) a breach of that duty; and (4) damages. Moini v. Wrighton, 602 F. Supp. 3d 162, 181 (D.D.C. 2022) (providing elements under D.C. law); Thomas v. Wells Fargo Bank, 866 F. Supp. 2d 1101, 1106 (D. Ariz. 2012) (providing similar elements under Arizona law). Here, Modeste alleges: (1) there was a "contractual relationship" as "Nationwide insured" him, Opp'n at 3; (2) Nationwide "engaged in claims handling related to the incident" and had an "obligation" to pay his medical expenses, SAC ¶ 15; (3) yet Nationwide "failed to pay any portion" of those expenses, SAC ¶ 15; and (4) as a result, he suffered damages, SAC ¶ 16. Modeste need say no more at this juncture to survive Nationwide's motion to dismiss. Down the road, of course, Modeste will have to support his allegations with evidence. But the Court will cross that bridge later should it be necessary.

## IV. Conclusion

For these reasons, it is hereby **ORDERED** that [2] Nationwide's Motion to Dismiss is DENIED. It is further

**ORDERED** that Nationwide shall answer Plaintiff's Second Amended Complaint by September 2, 2026.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date: August 18, 2026